**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4645**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

LEVINNE THOMAS MCNEILL,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:12-cr-00353-CCE-1)

Submitted:  March 10, 2016          Decided:  March 16, 2016

Before AGEE, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levinne Thomas McNeill appeals the district court's judgment imposing a nine-month term of imprisonment upon revocation of his supervised release. McNeill's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious grounds for appeal, but questioning whether the sentence is plainly unreasonable. Although informed of his right to do so, McNeill has not filed a pro se supplemental brief.

In reviewing a sentence imposed upon revocation of supervised release, this court takes a "deferential appellate posture concerning issues of fact and the exercise of discretion." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires us to determine whether the sentence is unreasonable. Crudup, 461 F.3d at 438. Only if the sentence is procedurally or substantively unreasonable does our inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Id. at 438–39.

We conclude that McNeill's revocation sentence is not unreasonable, much less plainly so. The district court

appropriately considered the Chapter Seven policy statement range and the statutory maximum for McNeill's offenses. The district court then explained its reasons for denying McNeill's request to continue supervised release before selecting a sentence within the policy statement range.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McNeill, in writing, of the right to petition the Supreme Court of the United States for further review. If McNeill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNeill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>